MYRON FINKELSTEIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Finkelstein v. Commissioner
Docket No. 15590-88
United States Tax Court
T.C. Memo 1989-425; 1989 Tax Ct. Memo LEXIS 423; 57 T.C.M. (CCH) 1280; T.C.M. (RIA) 89425; August 15, 1989
*423 Held: Petitioner is estopped by collateral estoppel from denying that during each of the years before the Court he obtained some amount of money under circumstances constituting both embezzlement and false pretenses under New Jersey law. Joseph A. Lambariello, for the petitioner. Nadine Alexander, for the respondent. WHITAKER
MEMORANDUM OPINION WHITAKER, Judge: There is pending before the Court in this case respondent's Motion for Partial Summary Judgment filed May 18, 1989, and petitioner's responses to respondent's Motion filed June 12, 1989, and July 17, 1989. Respondent seeks to establish facts by collateral estoppel. Respondent's notices of deficiency for the years 1975 through 1979 determine substantial amounts of unreported income in each year aggregating $ 849,500 and additions to tax under section 6653(b) [1] for fraud. Respondent's Motion states that the notices of deficiency are based in effect upon petitioner's conviction in a New Jersey state court on 14 counts of embezzlement and 14 counts of obtaining money by false pretenses. *424 The indictment contains a series of counts, each pair being related in the sense that one count charges the obtaining of a specified sum of money from specified individuals by actions constituting false pretenses under New Jersey law while the parallel count charges petitioner with having obtained the same sum of money from the same individuals by embezzlement. Some of the counts charge that the money was obtained during a period of time spanning more than one calendar year while the period of time in others is less than a year. The indictment on its face shows that the counts for embezzlement overlap the false pretenses counts. Thus, the aggregate sums set forth in all counts is twice the sum of money actually involved. Respondent does not contend otherwise. For purposes of sentencing, the court merged the embezzlement counts into the counts charging the obtaining of money by false pretenses. The conviction was affirmed on appeal. Rule 121(b) provides that a motion for summary judgment is to be granted if "there is no genuine issue as to any material fact and * * * a decision may be rendered as a matter of law." The burden of proof is on the moving party, and we are required *425 to view the factual materials and inferences to be drawn therefrom in the light most favorable to the party opposing the motion. ; . There is no dispute in this case as to the material facts. The issues are legal and therefore may be properly resolved on this Motion. The issues in this case and in the criminal case are substantially the same in the sense that the unreported income in each year determined by respondent is the aggregate of the sums of money obtained by false pretenses or by embezzlement from various people in each year. However, because the counts of the indictment fail to specify the amounts of money embezzled or obtained by false pretenses on a year-by-year basis, the amounts of unreported income determined by respondent in the notices of deficiency cannot be related directly to the counts of the indictment. In respondent's Motion, respondent takes the position that the prior criminal conviction is conclusive and binding on petitioner, and by reason thereof the petitioner is estopped in this case under the doctrine of collateral *426 estoppel from denying that he embezzled and obtained money by false pretenses and from denying that he received during each of the years 1975 through 1979 at least the sums of money determined to be unreported in the notices of deficiency. The facts as to the trial, conviction, and sentencing are established by affidavit attached to the Motion and are not denied by petitioner. In order to establish the specific sums of unreported income in each year, respondent relies on excerpts from the transcript of the criminal trial which are attached to the Motion. The transcripts reflect the testimony of specific individuals who were victims and who testified as to the sums of money given to or taken by petitioner during each year. Respondent argues in effect that the amounts of money charged in each count (with a minor exception) are supported by this testimony and the conviction establishes that the testimony was found by the jury to be correct. Thus respondent seeks to apply collateral estoppel to the facts testified to by each of the several witnesses described in the Motion, pointing out that otherwise the same testimony will be required in this case. Petitioner argues that the *427 consequences of taking money by embezzlement are different from those where money is taken by false pretenses in that under the latter circumstances the money is not necessarily appropriated by the culprit to his or her own use. Petitioner argues further that the amount of money actually taken was not essential to the criminal conviction. Relying on , petitioner more specifically contends that the criminal court made no determination as to the amount of money which was embezzled or as to the amount taken by false pretenses, but that such a determination was necessary since the same funds cannot be taken by false pretenses and by embezzlement. In sum petitioner's position is that collateral estoppel does not apply so as to prevent petitioner from contesting the amount of taxable income which resulted in each of the years from the activities which were the subject of the criminal trial. Also, although admitting the facts, petitioner on grounds that are far from clear also contends that he is not estopped to deny conviction for both embezzlement and false pretenses. This Court has recently recognized that collateral estoppel *428 may apply not only to ultimate facts but also to evidentiary or intermediate facts. . Under , the Supreme Court applied a three-prong test to determine the parameters of collateral estoppel: (i) whether the issues presented in the second litigation are in substance the same as those in the first litigation; (ii) whether controlling facts or legal principles have changed significantly since the first case; and (iii) whether other special circumstances warrant an exception to the normal rules of preclusion. . The first two tests are met and we find no special circumstances here. As pointed out there was a clear overlap between the counts for embezzlement and the counts for obtaining money by false pretenses. While the facts warranted conviction of either crime, the aggregate of the moneys charged in the embezzlement counts was the same as the aggregate in the false pretenses counts. It was, therefore, proper for the New Jersey court to sentence petitioner for one of the two crimes but not for both. There *429 is nothing in the record to indicate why the sentencing judge chose to merge the embezzlement counts into the counts for false pretenses or whether it would have made any difference had the court merged the counts in the opposite way. This merger does not, however, obviate the fact that petitioner was convicted both of embezzlement and of obtaining money by false pretenses. We therefore conclude that petitioner is estopped in this case from denying the fact of his conviction of embezzlement and of taking money by false pretenses. However, the conviction does not establish the exact amounts of moneys embezzled or taken by false pretenses in each of the years. Thus, petitioner is not estopped by reason of the criminal conviction from denying the specific amounts of unreported income which respondent determined he received in each of the years 1975 through 1979. There can be no conviction for obtaining money either by embezzlement or by false pretenses unless some amount of money is actually appropriated or taken by the person convicted. This was not an attempt or a conspiracy. Therefore, the application of collateral estoppel to this case precludes petitioner from contending that *430 in any of these years he did not obtain by false pretenses or by embezzlement some amount of money. Under New Jersey law conviction for obtaining money by false pretenses means that a person knowingly and designedly with intent to defraud has obtained money or other things of value by means of false statements or representations. The crime of obtaining money by false pretenses does not, however, include a requirement that the individual intend to or actually appropriate the money so obtained to that person's own use and benefit. The crime is limited to the act of obtaining money or property. However, under New Jersey law, embezzlement includes the factor of retaining or appropriating money to that person's own use or to the use of another person. Petitioner apparently hopes to use this distinction to his advantage by contending that he did not intend to appropriate the funds to his own use and therefore should not be taxed on the amount involved. See, e.g., We conclude, however, that merger of the embezzlement into false pretenses for purposes of sentencing only does not destroy the conviction for embezzlement. Thus, petitioner *431 is estopped in this case from denying that in each of the years some amount of money was appropriated to his own use by reason of the conviction for embezzlement. Our case of , does not call for a different result. There, the prior action was for an accounting of the funds taken by Meier. Specific sums of money were found by the state court to have been misappropriated in specific transactions. We held that Meier was estopped to deny these facts. By contrast in this case, the counts of the indictment do not reflect specific sums in each calendar year which aggregate the funds determined by respondent to have been unreported. There is no finding by the trial court as to the exact sums embezzled or taken by false pretenses. We decline to extend collateral estoppel in this circumstance to the testimony of a witness, even though it may have been undisputed. As a result of the foregoing, respondent's Motion for Partial Summary Judgment will be granted to the extent that petitioner is precluded in this case from denying that he embezzled some amount of money during the years involved and that his actions also amounted to the taking *432 of the same amount of money by false pretenses under New Jersey law. Petitioner is not, however, estopped from denying that he embezzled or took by false pretenses the specific amounts of money determined by respondent in the statutory notice to be unreported income in each of the years. An appropriate order will be issued. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩